IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBRA LYNN NORTON,** | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | SA-05-CA-01186 FB (NN) |
| **CITY OF SAN ANTONIO BY AND THROUGH ITS AGENT, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO** | § § § § § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO COMPEL (DOCKET ENTRY 33)

The matter before the Court is plaintiff's motion to compel production of e-mails which have been withheld under a claim of privilege, as well as production of plaintiff's May 2005 evaluation (docket entry 33). Also before the Court is defendant's response and plaintiff's reply (docket entries 35 and 36).

By her motion, plaintiff asks the Court to require defendant to produce several e-mails, all dated July 11, 2005, the day plaintiff gave notice of her request for FMLA leave (at 10:00 am) and the same day plaintiff was notified of her termination (3:00 pm). All the e-mails were either addressed to in-house attorney and labor counsel Zandra Pulis or were sent by her to others including a Human Resources representative, the Office Administrator and a "decision maker" who were involved in plaintiff's termination. Plaintiff argues that all of the e-mails are relevant to the critical issue of defendant's motivation when terminating plaintiff, which she maintains was her invocation of FMLA leave. Finally, plaintiff asks the Court to compel defendant to

produce a copy of her May 2005 evaluation which is signed, or to provide a statement that there is no signed copy available.

Defendant responds that the e-mails are privileged communications, sent to in-house CPS attorney Pulis or by her in the course of defendant obtaining legal advise concerning plaintiff's termination. Defendant attached a declaration of Pulis to its response in which Pulis explains that she regularly provides confidential, legal advise to managers and supervisors at CPS on employment-related issues, including involuntary separations. She further states that all of the e-mails which are the subject of this motion were for the sole purpose of providing legal advise regarding plaintiff's separation, including the wording of the separation memorandum. Accordingly, defendant argues that it has sufficiently justified its reliance on the attorney-client privilege to withhold these e-mails and that an in camera examination of them is unnecessary.

In her reply plaintiff does not disagree with the recitation of the law applicable to this discovery dispute, but instead challenges the veracity of Pulis' declaration and the assertion of privilege. She notes that Pulis admitted that she had oral and e-mail conversations concerning the termination in June and July but only the July 11th e-mails have been identified and withheld. Because defendant has recently stated that the termination decision was actually made on July 1, plaintiff argues that these e-mails are extremely relevant.

At noted above, the parties do not disagree on the applicable law. The crux of their disagreement is whether the declaration of Pulis is credible and sufficient to invoke the privilege asserted.

I find that it is. Plaintiff's attempt to discredit Pulis and identify contradictions in her declaration is unsuccessful. Contrary to plaintiff's argument, Pulis does not state that she had <u>e-</u>

mail correspondence with the others concerning the separation in June; she states that in June <u>and</u> July she had oral <u>and</u> e-mail discussions.  Contrary to plaintiff's assertion, it IS entirely possible that Pulis had legal discussions with these CPS officials on July 11 given the fact that defendant had previously decided to terminate plaintiff, and on July 11 plaintiff gave notice of request for FMLA leave.  Pulis states that she regularly gives legal advise concerning separations within CPS and that she did so in these e-mails.  Her declaration adequately establishes entitlement to the attorney-client privilege.  Finally, defendant stated that it has produced numerous other e-mails from June 11, 2005; this motion concerns only twelve e-mails, all of which involved defendant's in-house labor lawyer.  For these reasons, the motion to compel will be denied.

      To the extent plaintiff also requests defendant produce the signed copy of the May 2005 evaluation, defendant states that it does not have a signed copy of the document and believes that no one signed the evaluation.  The Court cannot require defendant to produce what it does not have.  Of course, if a signed copy of the evaluation is located at a later time, defendant has the duty to supplement its responses.

      For the above reasons, the motion to compel is DENIED in its entirety.

      **SIGNED** on July 15, 2006.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE