UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBRA LYNN NORTON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF SAN ANTONIO BY AND | § | SA-05-CV-1186 FB |
| THROUGH ITS AGENT, CITY | § | |
| PUBLIC SERVICE BOARD OF | § | |
| SAN ANTONIO, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER (DOCKET ENTRY 31)

The matter before the Court is plaintiff's motion to quash notices of depositions on written questions and for protective order, and defendant response thereto (docket entries 31 and 34).

By her motion, plaintiff seeks an order to quash the Notice of Intention to Take Deposition by Written Questions and accompanying document subpoenas directed to plaintiff's former and current employers which requested any documents or items involving the plaintiff. Alternatively, she asks that the court issue a protective order and in camera inspection of the subject documents. She argues that the documents are privileged and not limited to items relevant to any issues in this case.

Defendant responds that the motion is untimely in that the notices were served on May 19. The current motion was not filed until June 23, after three of the employers to whom the notices were directed had responded (June 12, 14 and 15). Additionally, defendant argues the notices place no "undue burden" on plaintiff, are clearly relevant to issues involving the defendant's stated

justification for plaintiff's termination as well as her credibility, and finally, that any privacy concerns can be addressed through the confidentiality agreement which the parties have entered into.

Having considered the motion and response, plaintiff's request to quash the notices and for protection will be denied. First of all, with respect to those notices to which employers have already responded the motion is moot. As to the others, plaintiff has no standing to argue undue burden and expense. Further, the information sought through these records is indeed relevant to issues in dispute including whether defendant's stated reason for terminating plaintiff's employment – her inability to do the job – is consistent with or in conflict with her experiences with other employers, and her damage claims. Finally, the confidentiality agreement provides adequate protection against unnecessary disclosure of this information beyond that needed to litigate this particular dispute.

For these reasons the motion to quash and for protective order is DENIED.

It is so ORDERED.

**SIGNED** on July 16, 2006.

_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE