IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEBRA LYNN NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. SA-05-CA-1186-FB |
| ) | |
| CITY OF SAN ANTONIO BY AND ) | |
| THROUGH ITS AGENT, CITY ) | |
| PUBLIC SERVICE BOARD OF ) | |
| SAN ANTONIO, ) | |
| ) | |
| Defendant. ) | |

### ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND THE MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are defendant's motion for summary judgment (docket no. 43) and related filings, the Memorandum and Recommendation Regarding Defendant's Motion for Summary Judgment (docket no. 55) of the United States Magistrate Judge, plaintiff's objections thereto (docket no. 58), and defendant's response (docket no. 59) to plaintiff's objections.

Where no party has objected to a Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of the Memorandum and Recommendation. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

On the other hand, any Memorandum and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a <u>de novo</u> review with respect to those matters raised by the objections. After due consideration, the Court concludes genuine issues of material fact exist which preclude summary judgment.

Plaintiff alleges defendant terminated her employment because she requested leave under the Family Medical Leave Act ("FMLA"). Defendant maintains it terminated plaintiff's employment because she failed to complete her filing duties. The record contains evidence of conflicting affidavit and deposition testimony regarding the overall backlog of filing and plaintiff's specific "directive" to file documents. Importantly, the record also contains evidence of altered documents relating to plaintiff's request for FMLA leave and the decision to terminate her employment. Although the Court may make a dispositive legal ruling in the future, the Court deems it appropriate in the interest of justice and in seeking the truth of what happened factually to bring about this dispute to allow a jury of eight citizens to participate in due process.

Accordingly, defendant's motion for summary judgment (docket no. 43) is DENIED at this time, which in turn makes MOOT, at this time, the Memorandum and Recommendation (docket no. 55).

Defendant's motion is denied without prejudice to defendant to reurge its legal arguments at appropriate procedural junctures during and after the trial of this case, if necessary.

It is so ORDERED.

SIGNED this __10th__ day of April, 2007.

FRED BIERY
UNITED STATES DISTRICT JUDGE